### SCHNEIDER v. RUF. *
### No. 16632.

Court of Appeal of Louisiana. Orleans.
Oct. 18, 1937.

*Rehearing denied Nov. 2, 1937.

John D. Nix, Jr., of New Orleans, for appellant.

Prowell & McBride, of New Orleans, for appellee.

WESTERFIELD, Judge.

Charles M. McGee was engaged in the business of repairing and storing automobiles and selling gasoline and oil. His place of business was known as the "Lousiana Garage." He owed the plaintiff, George A. Schneider, $200. George L. Ruf, defendant herein, purchased the good will and other assets of the Louisiana Garage from McGee on the 14th day of May, 1936. Schneider, whose claim remained unsettled, demanded payment of McGee and threatened litigation which it was believed would interfere with the sale to Ruf. On August 6, 1936, Ruf wrote the following letter to the Pan-American Petroleum Corporation, whose oil and gasoline McGee had been selling:

"Gentlemen:

"This will authorize you to continue withholding one cent per gallon on gasoline delivered to Louisiana Garage after my obligation with Pan-American Petroleum Corporation has been liquidated in full.

"Same to be held for the account of Mr. Geo. A. Schneider until $200.00 has been paid him."

No explanation appears in the record as to how the Pan-American Petroleum Corporation would owe Ruf any money out of which "one cent per gallon on gasoline" could be withheld, and it is not clear to us; however, the point is immaterial since the letter is relied on merely to prove that Ruf promised to pay McGee's debt. Ruf, for some reason, terminated his relations with the Pan-American Petroleum Corporation apparently before anything had been applied to Schneider's account, whereupon Schneider brought this suit against him for $200.

Ruf defended upon the ground that article 2278 of the Revised Civil Code declares that a promise to pay the debt of a third person must be in writing and that the letter to the Pan-American Petroleum Corporation does not evidence a promise on his part to pay McGee's debt.

Upon the trial of the case certain oral testimony was admitted over the objection of counsel. This testimony is to the effect that Ruf agreed to pay Schneider's claim and wrote the letter to the Pan-American Petroleum Corporation for the purpose of paying it in the manner indicated by the letter.

There was judgment below in plaintiff's favor, and defendant has appealed.

Article 2278 of the Revised Civil Code reads in part as follows:

"Parol evidence shall not be received * * *

"3. To prove any promise to pay the debt of a third person."

In Guillot v. Guillot, 141 La. 81, 74 So. 702, 703, the court said: "The prohibition is absolute that 'parole evidence shall not be received to prove any promise to pay the debt of a third person,' and the law is imperative that such a promise to pay shall be proved by written evidence signed by the party, or by his agent or attorney in fact, specially authorized to do so." See, also, Specialty Candy Company, Inc., v. Davis, 16 La.App. 140, 133 So. 493.

But the promise itself must be in writing. The letter which Ruf wrote to the Pan-American Petroleum Corporation is not a promise in any sense of the word. There is neither a promisor nor a promisee. It may be said to suggest a pre-existing debt due by the writer to Schneider which, it was agreed, was to be liquidated out of funds which were to accrue for the writer's account in the hands of a third person; but there is not a syllable in the letter which can be construed as a promise to pay anybody's debt. The letter justifies the assumption that Ruf owed Schneider $200 on his own account because a method of paying that amount to Schneider is specifically provided, but that is only an implication, perhaps a necessary one, but, in no event, can it be said that the letter anywhere evidences a promise to pay McGee's debt. Without the parol testimony, which should have been excluded, there is not the beginning of proof of a promise to pay Schneider the $200 which McGee owed him.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that there be judgment herein in favor of the defendant dismissing plaintiff's suit at his cost.

Reversed.